UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASSACHUSETTS FINANCIAL SERVICES COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>MFS LIMITED, MFS AQUA MANAGERS LIMITED, and MFS BOSTON LIMITED,<br><br>Defendants. | Civil Action No. 07-CV-10497<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1. This is an action for trademark infringement, dilution and unfair competition resulting from the efforts of the defendants MFS Limited, MFS Aqua Managers Limited ("MFS Aqua") and MFS Boston Limited ("MFS Boston") to copy and appropriate for themselves the famous, well-recognized MFS mark that is owned by, and registered to, the nation's oldest mutual fund company and one of the leading mutual fund and asset management companies in the world, Massachusetts Financial Services Company ("MFS").

2. MFS established the first mutual fund in the country in 1924, making the U.S. stock market, previously the exclusive domain of the wealthy, accessible to the average investor. MFS is now a major global financial services organization offering a complete selection of financial products and services. These include, among others, offering (and providing investment advisory services to) mutual funds and other collective or pooled investment vehicles, insurance products, and retirement plans; and providing separate account portfolio management services to institutional investors, public and corporate pension plans, bank trust

clients, insurance companies, endowments, foundations, and other investment advisory firms and individuals throughout the world. MFS's principal place of business is Boston, Massachusetts. MFS has offices in the United States and offices or a business presence around the world, including in Australia, Canada, South America, Europe, Asia, and the Middle East.

3. MFS owns numerous United States Trademark Registrations for MFS, the MFS logo (shown below), and other MFS-related marks (the "MFS Marks"), including Registration Nos. 1,233,922 (for MFS, first used in commerce nearly 40 years ago in 1969 (the "MFS Mark")); 1,405,244 (for MFS Family of Funds, first used in commerce over 30 years ago); 3,111,492 (for another MFS Investment Management logo, first used about 3 years ago); 2,174,308 (for MFS Investment Management, first used in commerce more than 11 years ago); 2,168,946 (MFS Investment Management We Invented The Mutual Fund); 2,208,551 (MFS Online, first used more than 10 years ago); and 1,760,259 and 1,801,059 (MFS Foundation marks, first used more than 15 years ago).



4. Indeed, the MFS Marks are famous, both nationally and internationally, considered by investors and investment professionals to be synonymous with MFS, and represent the goodwill and painstakingly built reputation of a financial services company providing varied, sophisticated and high-quality products in the major financial markets for more than 80 years.

5. Recently, MFS Limited has embarked upon a plan or scheme to expand its business – started less than 10 years ago, previously associated with an Australian law firm and originally known as McLaughlins Financial Services Limited – by misappropriating the name,

logo and reputation that MFS has built over the course of decades of work. Recently, MFS Limited, through its wholly-owned subsidiary, MFS Aqua, has launched the "MFS Water Fund" – a mutual fund purportedly designed for individual investors in Australia, but with acknowledged world-wide scope. MFS Limited and/or MFS Aqua has, upon information and belief, already made at least one investment in a U.S.-based company, has established contractual or other ongoing business relationships with New York and U.S.-based investment firms (including hiring four United States-based "water managers"), and has already created confusion even among sophisticated investors in the U.S. MFS Limited and/or MFS Aqua knew at the time it launched this fund and orchestrated its extensive related financial activities in the U.S. – using the MFS Marks – that MFS is the owner of those marks, that those marks are famous and associated with MFS, and, upon information and belief, that using those marks in the U.S. would allow MFS Limited and/or MFS Aqua to trade off the reputation of MFS and appropriate the MFS Marks to its own illegitimate ends. As shown below, MFS Limited and/or MFS Aqua has utilized confusingly similar logos as part of this scheme.



6.  Moreover, MFS Limited has also launched a company called "MFS Boston," purportedly headquartered in New Zealand. MFS Boston has no known connection to Boston, Massachusetts, the original and current headquarters of MFS. MFS Boston solicits business from investors *worldwide* on its interactive web site for investment opportunities in New Zealand. Given MFS Limited's knowledge of MFS, its location, and its use of the MFS Marks, it appears that "MFS Boston" is an attempt to usurp the U.S. federally registered trademark

rights of MFS, dilute and tarnish the MFS Marks and the reputation of MFS, and to confuse investors and investment professionals into believing that there is some affiliation between MFS Boston and MFS, located in Boston.

7. These intentional acts and conduct have already created actual confusion, are likely to cause continued confusion, as well as irreparable harm and damage to the business and reputation of MFS built over decades of renown financial service to institutions, investment professionals, and individual investors. MFS brings this case to halt these improper and infringing activities of MFS Limited, MFS Aqua, and MFS Boston.

## PARTIES

8. The plaintiff MFS is a Delaware corporation with its principal place of business at 500 Boylston Street, Boston, MA 02116.

9. On information and belief, MFS Limited is an Australian corporation with its principal place of business in Sydney, New South Wales, Australia.

10. On information and belief, MFS Aqua is an Australian corporation with its principal place of business in Sydney, New South Wales, Australia, and is a wholly owned subsidiary of MFS Limited.

11. On information and belief, MFS Boston is a New Zealand corporation with its principal place of business at 7-9 Fanshawe Street, Viaduct Harbour, Auckland, New Zealand, and is an indirect wholly owned subsidiary of MFS Limited.

## JURISDICTION AND VENUE

12. This court has subject matter jurisdiction over this action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and because the parties are completely diverse and the amount in controversy exceeds $75,000. Federal subject matter jurisdiction is therefore conferred by 29

U.S.C. §§ 1331, 1332 (federal question and diversity), 28 U.S.C. § 1338(b) (unfair competition), and 15 U.S.C. § 1121 (Lanham Act). This court has supplemental jurisdiction over MFS's state law claims pursuant to 28 U.S.C. § 1367.

13. MFS Limited is subject to personal jurisdiction in this judicial district because, on information and belief, MFS Limited does and/or transacts business within this State and District, and has made and established contacts sufficient to permit the exercise of personal jurisdiction under N.Y. C.P.L.R. § 301 *et seq.*, and Fed. R. Civ. P. 4(k)(2).

14. MFS Aqua is subject to personal jurisdiction in this judicial district because, on information and belief, MFS Aqua does and/or transacts business within this State and District, and solicits business from investors within this State and District, sufficient to permit the exercise of personal jurisdiction under § 301 *et seq.*, and Fed. R. Civ. P. 4(k)(2).

15. MFS Boston is subject to personal jurisdiction in this judicial district because, on information and belief, MFS Boston does and/or transacts business within this State and District, and solicits business from investors within this State and District, sufficient to permit the exercise of personal jurisdiction under § 301 *et seq.*, and Fed. R. Civ. P. 4(k)(2).

16. Venue for this action is proper in this District pursuant to 29 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

A. **Massachusetts Financial Services Company and the MFS Marks**

17. MFS has used the MFS Mark for nearly 40 years in connection with the financial services it offers. In 1924, MFS invented the mutual fund, and continues to be well-known and highly regarded in the mutual fund market and asset management business today. In addition to offering mutual funds and other pooled investment vehicles, MFS also offers a wide range of other financial services to investors and investment professionals in the U.S. and throughout the

world, including retirement plans, college savings plans, investment accounts for institutional investors. MFS has achieved excellent success and widespread recognition in the financial services market.

18. The MFS Mark is famous (both nationally and internationally) in the mutual fund and asset management business. Within this sphere of the financial services market where reputation is critical to success, the MFS Mark has become synonymous with MFS, to investment managers and individual or institutional investors alike. As a result of the over 40 years of efforts of MFS, the MFS Mark has acquired substantial goodwill and is an extremely valuable commercial asset to MFS.

19. MFS is the owner of multiple U.S. Trademark Registrations using the MFS Mark, including Registration Nos. 1233922 (MFS), 3111492 (MFS Investment Management), 2174308 (MFS Investment Management), 2168946 (MFS Investment Management We Invented The Mutual Fund), 2208551 (MFS Online), 1760259 (MFS Foundation), 1801059 (MFS Foundation The Investment Program You Can Build On), and 1405244 (MFS Family of Funds).

**B.  MFS Limited and/or MFS Aqua's Recent U.S. Investments and Launch of the MFS Water Fund**

20. On information and belief, McLaughlins Financial Services Limited ("MFS Limited") was established in 1999, having evolved from a business conducted by McLaughlins Solicitors, an Australian law firm. Upon information and belief, until recently, MFS Limited had not conducted business within the United States.

21. Upon information and belief, in April 2007, MFS Limited announced the launch of a new fund dedicated to investing in globally listed water utilities. MFS Limited named the

fund the "MFS Water Fund." The fund planned to invest in the largest publicly traded water utility in the U.S., Aqua America.

22. Upon information and belief, MFS Aqua was incorporated by MFS Limited for the purpose of operating the MFS Water Fund. Upon information and belief, MFS Aqua is the issuer of units in the MFS Water Fund.

23. Upon information and belief, in September 2007, MFS Limited and/or MFS Aqua announced that "it's quite possible for an investor from anywhere in the world to invest in the [MFS Water Fund]."

24. Upon information and belief, prior to or in connection with launching the MFS Water Fund, MFS Limited and/or MFS Aqua hired six specialist water managers to handle the investments of the fund, four of whom are located in the United States, and three of whom are located in this District. Upon information and belief, the three managers located in this District are: Perella Weinberg Partners of New York, located at 767 Fifth Avenue, New York, NY 10153; Terrapin Asset Management of New York, located at 540 Madison Avenue, New York, NY 10022; and Reservoir Fund LLC, located at 425 Park Avenue, New York, NY 10022. Upon information and belief, MFS Limited and/or MFS Aqua also hired an investment manager for the MFS Water Fund, Craig McIntosh, who has traveled to the U.S. to meet with the specialist water managers located in the U.S.

25. Upon information and belief, the MFS Water Fund was launched in July 2007. Upon information and belief, its net monthly returns for the months of July 2007 and August 2007 were negative.

26. Upon information and belief, MFS Limited may receive dividends from any profits made by MFS Aqua as a result of investments in the MFS Water Fund.

27. Following MFS Limited and/or MFS Aqua's announcement and launch of the MFS Water Fund, actual confusion, with accompanying reputational damage to MFS, has begun to accumulate, at least, in part, in this District.

28. MFS Limited and/or MFS Aqua's entrance into the U.S. fund market using the same MFS Mark as MFS demonstrates that MFS Limited and/or MFS Aqua is now trading upon the reputation and goodwill developed by MFS in the market in which it has consistently operated since its inception in 1924. This recent and unexpected expansion by MFS Limited and/or MFS Aqua into the U.S. market using the highly regarded MFS Mark has created a strong likelihood of confusion between MFS Limited and/or MFS Aqua and MFS, given the actual and potential overlap between the businesses and services of both entities. In fact, actual confusion has occurred since April 2007 when MFS Limited and/or MFS Aqua first announced the launch of its MFS Water Fund. This confusion further underscores MFS' long presence and established reputation in the mutual fund and asset management market, which MFS Limited and/or MFS Aqua is apparently attempting to appropriate for its own benefit.

29. As a result of the confusion or the strong likelihood of confusion, MFS Limited and/or MFS Aqua's use of the MFS Mark has caused and is likely to continue to cause MFS substantial and irreparable harm.

### C. MFS Boston

30. Upon information and belief, MFS Boston was formed in March 2004, under the name Boston Finance Limited. Upon information and belief, in June 2007, Boston Finance Limited became a wholly owned subsidiary of MFS Limited, and on September 20, 2007, was renamed MFS Boston Limited.

31. Upon information and belief, MFS Limited, through its wholly owned subsidiary MFS Boston, has recently launched a website at www.mfsboston.co.nz.

32. Upon information and belief, persons all over the world may invest in or through MFS Boston.

33. The use by MFS Limited and MFS Boston of the mark "MFS Boston" has created a strong likelihood of confusion between MFS, which is known as MFS and is located in Boston, Massachusetts, and MFS Boston, given the substantial overlap in the names, businesses and services of both companies. In addition, a Google™ search for "MFS Boston" (without quotation marks) returns, as its first result, MFS, thus adding to the confusion between the companies.

34. Upon information and belief, MFS Limited was aware of MFS prior to its launch of MFS Boston. Upon information and belief, there is no relationship between MFS Boston and the City of Boston, Massachusetts – other than the fact that MFS has been located there for over 80 years, a well-known fact in the financial industry.

35. As a result of the confusion likely to be caused by MFS Boston's use of the MFS Mark, MFS is likely to suffer substantial and irreparable harm.

## COUNT ONE

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

36. MFS incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

37. MFS Limited's use in commerce in the United States of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Limited, as to the origin, sponsorship, or approval of the services of MFS Limited by MFS.

38. MFS Aqua's use in commerce in the United States of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Aqua, as to the origin, sponsorship, or approval of the services of MFS Aqua by MFS.

39. MFS Boston's use in commerce in the United States of the MFS Mark is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Boston, as to the origin, sponsorship, or approval of the services of MFS Boston by MFS.

40. MFS Limited's, MFS Aqua's, and MFS Boston's conduct, including as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114(a) and § 1125(a).

41. MFS Limited's infringing conduct is willful, knowing, and in bad faith.

42. MFS Aqua's infringing conduct is willful, knowing, and in bad faith.

43. MFS Boston's infringing conduct is willful, knowing, and in bad faith.

44. MFS has suffered and will continue to suffer actual damages and irreparable harm unless MFS Limited's, MFS Aqua's, and MFS Boston's conduct is enjoined.

## COUNT TWO

### (Federal Unfair Competition, 15 U.S.C. § 1125(a))

45. MFS incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

46. MFS Limited's services are being provided in United States commerce.

47. MFS Limited's use of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Limited, as to the origin, sponsorship, or approval of the services of MFS Limited by MFS.

48. MFS Limited's use of the MFS Mark misrepresents the characteristics or qualities of MFS' services.

49. MFS Limited's conduct, including as described above, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

50. MFS Aqua's services are being provided in United States commerce.

51. MFS Aqua's use of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Aqua, as to the origin, sponsorship, or approval of the services of MFS Aqua by MFS.

52. MFS Aqua's use of the MFS Mark misrepresents the characteristics or qualities of MFS' services.

53. MFS Aqua's conduct, including as described above, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

54. MFS Boston's services are being provided in United States commerce.

55. MFS Boston's use of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Boston's, as to the origin, sponsorship, or approval of the services of MFS Boston by MFS.

56. MFS Boston's use of the MFS Mark misrepresents the characteristics or qualities of MFS' services.

57. MFS Boston's conduct, including as described above, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

58. MFS Limited's infringing conduct is willful, knowing, and in bad faith.

59. MFS Aqua's infringing conduct is willful, knowing, and in bad faith.

60. MFS Boston's infringing conduct is willful, knowing, and in bad faith.

61. MFS has suffered and will continue to suffer actual damages and irreparable harm unless MFS Limited's, MFS Aqua's, and MFS Boston's conduct is enjoined.

## COUNT THREE

### (Federal Dilution, 15 U.S.C. § 1125(c))

62. MFS incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

63. The MFS Marks are famous and distinctive marks.

64. MFS Limited's use of the MFS Mark is without the permission, consent or authorization of MFS, lessens the capacity of MFS's distinctive and famous MFS Marks to identify MFS's services, and is now actually diluting by blurring and tarnishing the MFS Marks, thereby diminishing their value.

65. MFS Limited's adoption and use of the MFS Mark in connection with financial services was undertaken in bad faith and in disregard of the resultant damage and injury to MFS and its trademark.

66. MFS Limited's infringing conduct is willful, knowing and in bad faith.

67. MFS Aqua's use of the MFS Mark is without the permission, consent or authorization of MFS, lessens the capacity of MFS's distinctive and famous MFS Marks to identify MFS's services, and is now actually diluting by blurring and tarnishing the MFS Marks, thereby diminishing their value.

68. MFS Aqua's adoption and use of the MFS Mark in connection with financial services was undertaken in bad faith and in disregard of the resultant damage and injury to MFS and its trademark.

69. MFS Aqua's infringing conduct is willful, knowing and in bad faith.

70. MFS Boston's use of the MFS Mark is without the permission, consent or authorization of MFS, lessens the capacity of MFS's distinctive and famous MFS Marks to identify MFS's services, and is now actually diluting by blurring and tarnishing MFS's Marks, thereby diminishing their value.

71. MFS Boston's adoption and use of the MFS Mark in connection with financial services was undertaken in bad faith and in disregard of the resultant damage and injury to MFS and its trademark.

72. MFS Boston's infringing conduct is willful, knowing, and in bad faith.

73. MFS has suffered and will continue to suffer actual damages and irreparable harm unless MFS Limited's, MFS Aqua's, and MFS Boston's conduct is enjoined.

## COUNT FOUR

**(Common Law Trademark Infringement And Unfair Competition)**

74. MFS incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

75. The acts of MFS Limited, MFS Aqua, and MFS Boston constitute trademark infringement and unfair competition in violation of New York common law.

76. MFS Limited has used the MFS Mark in a manner confusingly similar to MFS.

77. MFS Aqua has used the MFS Mark in a manner confusingly similar to MFS.

78. MFS Boston has used the MFS Mark in a manner confusingly similar to MFS.

79. MFS Limited's use of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Limited, as to the origin, sponsorship, or approval of the services of MFS Limited by MFS.

80. MFS Aqua's use of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Aqua, as to the origin, sponsorship, or approval of the services of MFS Aqua by MFS.

81. MFS Boston's use of the MFS Mark has caused and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of MFS with MFS Boston's, as to the origin, sponsorship, or approval of the services of MFS Boston by MFS.

82. MFS has suffered and will continue to suffer actual damages and irreparable harm unless MFS Limited's, MFS Aqua's and MFS Boston's conduct is enjoined.

## COUNT FIVE

### (Dilution, NY Gen. Bus. Law § 360-l)

83. MFS incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

84. MFS Limited's conduct, including as described above, is likely to injure the business reputation of MFS, impair the effectiveness of MFS Marks, and dilute the distinctiveness of the MFS Marks, in violation of NY Gen. Bus. Law § 360-l.

85. MFS Aqua's conduct, including as described above, is likely to injure the business reputation of MFS, impair the effectiveness of MFS Marks, and dilute the distinctiveness of the MFS Marks, in violation of NY Gen. Bus. Law § 360-l.

86. MFS Boston's conduct, including as described above, is likely to injure the business reputation of MFS, impair the effectiveness of MFS Marks, and dilute the distinctiveness of the MFS Marks, in violation of NY Gen. Bus. Law § 360-l.

87. MFS Limited's, MFS Aqua's, and MFS Boston's infringing conduct is willful, knowing, and in bad faith.

88. MFS has suffered and will continue to suffer actual damages and irreparable harm unless MFS Limited's, MFS Aqua's, and MFS Boston's conduct is enjoined.

## COUNT SIX

### (Deceptive Acts and Practices, NY Gen. Bus. Law § 349)

89. MFS incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

90. Upon information and belief, MFS Limited's conduct, including as described above, is intentionally misleading and deceptive and intended to confuse consumers regarding

the origin of the goods and services offered by MFS Limited, in violation of NY Gen. Bus. Law § 349.

91. MFS Limited's conduct is willful, knowing, and in bad faith.

92. MFS Limited's conduct has caused, and will continue to cause confusion to consumers in this State and elsewhere.

93. Upon information and belief, MFS Aqua's conduct, including as described above, is intentionally misleading and deceptive and intended to confuse consumers regarding the origin of the goods and services offered by MFS Aqua, in violation of NY Gen. Bus. Law § 349.

94. MFS Aqua's conduct is willful, knowing, and in bad faith.

95. MFS Aqua's conduct has caused, and will continue to cause confusion to consumers in this State and elsewhere.

96. Upon information and belief, MFS Boston's conduct, including as described above, is intentionally misleading and deceptive and intended to confuse consumers regarding the origin of the goods and services offered by MFS Boston, in violation of NY Gen. Bus. Law § 349.

97. MFS Boston's conduct is willful, knowing, and in bad faith.

98. MFS Boston's conduct has caused, and will continue to cause confusion to consumers in this State and elsewhere.

99. MFS has suffered and will continue to suffer actual damages and irreparable harm unless MFS Limited's, MFS Aqua's, and MFS Boston's conduct is enjoined.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff MFS respectfully requests that this Court:

1. Enter judgment in favor of MFS on each of its claims;

2. Preliminarily and permanently enjoin the defendants and their predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with them, or on their behalf, from further infringing the MFS Mark, or from using any other mark, brand, or designation that is a colorable imitation of the MFS Mark, or is likely to be confused with the MFS Mark, and from engaging in further unfair competition and unfair or deceptive acts or practices;

3. Award MFS its actual damages in an amount to be determined at trial;

4. Award MFS all of its actual costs and reasonable attorneys' fees in this action, as authorized by 15 U.S.C. § 1117 and NY Gen. Bus. Law § 349; and

5. Grant to MFS such other relief as may be just and warranted under the circumstances.

## JURY DEMAND

Plaintiff Massachusetts Financial Services Company demands a trial by jury on all issues so triable.

Dated: November 20, 2007

Respectfully submitted,

MASSACHUSETTS FINANCIAL
SERVICES COMPANY

By its attorneys,

Alexandra McTague (AM 4633)
Ross E. Firsenbaum (RF 6306)
WILMER CUTLER PICKERING
    HALE AND DORR
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
alexandra.mctague@wilmerhale.com
ross.firsenbaum@wilmerhale.com

*and*

Mark G. Matuschak (*of counsel*)
Gregory P. Teran (*of counsel*)
WILMER CUTLER PICKERING
    HALE AND DORR
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
mark.matuschak@wilmerhale.com
gregory.teran@wilmerhale.com